UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

NICOLE FILLER,

    Plaintiff,

v.

JB 2009 LLC, A Florida limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICOLE FILLER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, JB 2009, LLC, a Florida limited liability company (hereinafter referred to as "Defendant" or "JB"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Broward County, Florida,

and the actions giving rise to these claims arose in Broward County, Florida.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a business operating in Broward County, Florida, at which Plaintiff worked.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. Based upon information and belief and pre-suit investigation into publicly available resources, Plaintiff alleges that the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

12. At all times relevant hereto, Defendant operated an air conditioning repair and servicing company in Broward County, Florida.

13. At all times relevant hereto, Defendant had more than two employees.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant(s).

## STATEMENT OF FACTS

16. Plaintiff worked as a non-exempt hourly paid Office Assistant/Call Center Representative from May 7, 2018, until her termination on September 12, 2018.

17. During all times relevant, Plaintiff earned $11.00 per hour, and her overtime rate was $16.50 per hour.

18. Plaintiff regularly worked overtime hours and when same was reflected on her time sheets, she was paid time and one half for same.

19. Plaintiff, however, regularly worked additional hours for Defendant on a weekly basis, other than what was reflected on her time sheets, that Defendant refused and/or failed to record.

20. This additional time worked was done at the instruction of, and knowledge by, Defendant's management, but was not accounted for as hours worked, and thereby constitutes compensable "off the clock" work.

21. These additional hours worked were overtime hours, and should have been compensated at time and one half, Plaintiff's hourly rate of pay.

22. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate **for all** hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout her employment.

23. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA as Plaintiff did not punch in or out.

24. Plaintiff estimates her FLSA damages to be, as follows: Plaintiff is owed 112.95 overtime hours during her employment at the rate of $16.50 per overtime hour = **$1,863.68** in unliquidated damages and **$3,727.35** in liquidated damages, plus attorneys' fees and costs.

25. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

26. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

27. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

28. Based on the allegations in Paragraphs 25-27, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

29. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## **VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. During her employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

32. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

35. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant(s):

    a. Declaring, pursuant to the FLSA, that the acts and practices complained

       of herein are in violation of the maximum hour provisions of the FLSA;

b.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Awarding Plaintiff pre-judgment interest; and

f.    Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 24th day of October 2018.

/s/ *Noah E. Storch*\_\_\_
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorneys for Plaintiff*